**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-00560-GCM-DSC**

| | |
|---|---|
| **DEBORAH ANDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM AND ORDER** |
| v. ) | |
| ) | |
| **OFFICE DEPOT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel" (document # 29) filed September 20, 2013, as well as the parties' briefs and exhibits.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the Court will <u>grant in part</u> and <u>deny in part</u> Plaintiff's Motion to Compel, as explained below.

Accepting the allegations of the Complaint as true, on February 15, 2010, Plaintiff tripped and fell on a drainage mat outside the entrance to Defendant's store. A large piece of Styrofoam was trapped under the mat and caused Plaintiff's fall. As a result, Plaintiff sustained a broken arm and permanent nerve damage to her hand.

Plaintiff seeks to compel Defendant to provide complete responses to Interrogatories numbered 2 and 3 in her First Set of Interrogatories. Specifically, Plaintiff seeks an order compelling Defendant to produce:

> information regarding notice of any claim or notice of any instance in which a customer or employee was injured at the Office Depot store in question within the

past ten (10) years; the date and nature of the claim; the name, address, and telephone number of the person so complaining; the name, address, and telephone number of the employee or other person responsible causing the injury [sic]; and whether the incident resulted in injury to any person.

Plaintiff's "Memorandum … in Support …" at 1 (document #29-1). Plaintiff is entitled to responses to all discovery requests reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The parties disagree on the temporal scope of Defendant's responses and whether Defendant must produce information about any incidents occurring inside its store.

For the reasons stated in Plaintiff's briefs, the Court concludes that Defendant must produce information pertaining to incidents occurring inside as well as outside the store. For the reasons set forth in Defendant's brief, production will be limited to a five (5) year period and to slip and fall and/or trip and fall incidents only.

**NOW THEREFORE, IT IS ORDERED**:

1. Plaintiff's "Motion to Compel" (document # 29) is **GRANTED IN PART** and **DENIED IN PART**. <u>Within fifteen days of the date of this Memorandum and Order, Defendant shall provide full and complete responses, as discussed above, to Interrogatory #2 and Interrogatory #3 of Plaintiff's First Set of Interrogatories.</u>

2. The parties shall bear their own costs <u>at this time</u>.

3. The Clerk is directed to send copies of this Order to counsel for the parties, and to the Honorable Graham C. Mullen.

**SO ORDERED**.

Signed: October 18, 2013

David S. Cayer
United States Magistrate Judge